

**IT IS ORDERED as set forth below:**

**Date: August 1, 2019**

_____
**Lisa Ritchey Craig**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF:** | : | **CASE NUMBER** |
| | : | |
| EDDIE ARVORA SHELTON | : | 12-69162 -LRC |
| KELLIE LYNN SHELTON, | : | |
| | : | |
| | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| DEBTORS. | : | BANKRUPTCY CODE |

### ORDER

Before the Court is the Motion to Reopen (the "Motion"), filed by Eddie and Kellie

Shelton ("Debtors") (Doc. 27).   The Motion is opposed by Michael Mason ("Mason").

This matter is a core proceeding, over which this Court has subject matter jurisdiction.   *See*

28 U.S.C. § 1334; 28 U.S.C. § 157(b)(2)(A), (O).

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on

August 2, 2012 (the "Petition Date").   Prior to the Petition Date, Debtors executed a

residential lease agreement with Mason (the "Lease"), under which they leased a townhome owned by Mason—2547 Chattahoochee Summit Lane, Atlanta, Georgia 30339 (the "Property").   Debtors moved out of the Property in July 2012.   On Schedule E, Debtors listed a debt owed to Mason of $3,500, but rather than listing Mason's home or office address, listed his address as the address of the Property.   On September 21, 2012, the Chapter 7 trustee, Janet Watts, filed a report of no distribution.   The Court discharged Debtors and closed the case on November 7, 2012.

On March 14, 2019, Debtors filed the Motion, seeking to have their bankruptcy case reopened for the purpose of holding Mason in contempt of the discharge injunction. Mason filed a response in opposition, and the Court held a hearing on the Motion on May 9, 2019.   At the hearing and in his papers, Mason admits that he filed a complaint (the "Complaint") against Debtors in the State Court of Henry County, Georgia (the "State Court") on June 27, 2018, seeking payment for damages resulting from Debtors' breach of the lease agreement.   Mason asserts that Debtors abandoned and damaged the Property and failed to pay rent, late fees, and insufficient funds fees.   Mason also contends that Debtors filed an answer to the Complaint on July 27, 2018, which included the affirmative defense that the debt owed has been discharged in bankruptcy and a counterclaim alleging that Mason had failed to return Debtors' security deposit.

Mason objects to the Court's reopening the bankruptcy case and asserting

2

jurisdiction over the question of whether Mason's collection efforts violated Debtors' discharge.  Mason asks the Court to abstain and allow the State Court to determine whether the debt was excepted from discharge, pursuant to § 523(a)(3), due to Debtors' failure to schedule the debt with a proper address and Mason's lack of notice or actual knowledge of Debtors' bankruptcy case in time to file a complaint to determine the nondischargeability of the debt.  In support of his request, Mason alleges that, after learning of the bankruptcy case, he amended the Complaint to assert a claim under § 523(a)(3) and that the case has proceeded, such that the State Court is ready to resume hearings on a pending summary judgment motion and has placed the case on a trial calendar.   Mason also argues that Debtors should not be permitted to avoid the choice they made when they elected to proceed on the issue of nondischargeability in the State Court, answering the Complaint, asserting the discharge as a defense, and filing a counterclaim. Debtors' turning to this Court, only after having failed to participate in discovery to their detriment, Mason argues, is obvious forum shopping to avoid the consequences of their litigation choice and would cause further delay and prejudice to Mason.

Mason correctly argues that the State Court has concurrent jurisdiction to decide whether a debt is excepted from discharge under § 523(a)(3).  This Court, therefore, can abstain from reopening the case and asserting jurisdiction over the question of nondischargeabilty.   As Debtors point out, however, if the State Court determined that the

debt was discharged, the State Court could not enforce the discharge by finding Mason in

contempt and awarding sanctions if appropriate.  *Alderwoods Grp., Inc. v. Garcia*, 682

F.3d 958, 970 (11th Cir. 2012) (stating that the "court that issued the injunctive order alone

possesses the power to enforce compliance with and punish contempt of that order"); *Jones*

*v. CitiMortgage, Inc.*, 666 F. App'x 766, 775 (11th Cir. 2016).[1]

A motion to reopen a closed bankruptcy case is governed by § 350(b) of the

Bankruptcy Code and Rule 5010 of the Federal Rules of Bankruptcy Procedure.   A debtor

or a creditor may move to reopen a case to determine the dischargeability of a particular

debt.   *In re Strano*, 248 B.R. 493, 497–98 (Bankr. D.N.J. 2000).   Some courts hold that "a

closed bankruptcy case does not need to be reopened as a jurisdictional prerequisite to

exercising § 1334(b) 'arising under' subject-matter jurisdiction over a civil proceeding to

determine whether a particular debt is excepted from discharge."   *In re Menk*, 241 B.R.

896, 912 (B.A.P. 9th Cir. 1999).   Other courts have concluded that a bankruptcy court can

exercise its discretion to not reopen a case when the facts and circumstances support

---

[1] In their brief, Debtors rely on an unreported decision rendered by Judge Bonapfel in *In re Lee*, Case Number 17-59549 (Bankr. N.D. Ga. Nov. 9. 2018).  From a review of the docket, it appears that *Lee* involved a no-asset Chapter 7 case, in which the debtor filed a motion to reopen, which was unopposed, and, once the case was reopened, filed a motion for sanctions.   A hearing was held on the motion for sanctions, but the order entered states only that the motion was granted for the reasons stated on the record.   The respondent filed no written opposition to the motion for sanctions, and Debtors did not provide a transcript of the hearing or otherwise apprise the Court and Mason the facts of the case.   This, alone, is a basis for the Court to discount the cited authority.   Having considered the recording made of the hearing, the Court notes that the respondent did not contend that the debt at issue was nondischargeable under § 523(a)(2), (a)(4), or (a)(6) and no party requested the court abstain from deciding whether § 523(a)(3) applied in favor of a previously commenced state court action.   For this reason, the authority cited is distinguishable and unpersuasive.

4

abstaining in favor of a forum with concurrent jurisdiction.   *See Strano,* 248 B.R. at 498.

"The bankruptcy court's decision to accept jurisdiction to determine the dischargeability of unscheduled, intentional tort debts is discretionary, entailing a case by case analysis, similar to that used in discretionary abstention where jurisdiction is shared with other courts."   *Id*. at 496.   "The Congress provided for discretionary abstention in 28 U.S.C. § 1334(c)(1): 'Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.'"   *In re Franklin*, 179 B.R. 913, 928 (Bankr. E.D. Cal. 1995) (quoting 28 U.S.C. § 1334(c)(1)); *see also In re Fajardo*, 2009 WL 2913219, at *4 (Bankr. D.N.M. Apr. 15, 2009); *In re Wilcox*, 529 B.R. 231, 238 (Bankr. W.D. Mich. 2015); *In re Siewe*, 730 F. App'x 871, 877 (11th Cir. 2018) (noting that § 1334(c)(1) applies to a core bankruptcy proceeding).   Permissive abstention "constitutes a legislative rejection of the common law rule that a court with jurisdiction must exercise the jurisdiction when requested to do so."   *Franklin,* 179 B.R. at 928 (citing *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 771 n.18 (Bankr. E.D. Cal. 1990)).

When determining whether permissive abstention is appropriate, courts generally consider: (1) the effect, or lack of effect, on the efficient administration of the bankruptcy estate if discretionary abstention is exercised, (2) the extent to which state law issues

predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of related proceedings commenced in state court or other non-bankruptcy courts, (5) the jurisdictional basis, if any, other than § 1334, (6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden on the bankruptcy court's docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to jury trial, (12) the presence in the proceeding of non-debtor parties, (13) comity, and (14) the possibility of prejudice to other parties in the action. *Macabi Holdings, LLC v. Scales*, 2018 WL 1898374, at *2 (N.D. Ga. Jan. 30, 2018), report and recommendation adopted, No. 1:18-CV-71-TCB, 2018 WL 1898371 (N.D. Ga. Feb. 21, 2018). "While these factors should be used as a framework for making a decision, other things being equal, the bankruptcy court should be the preferred forum for litigation of nondischargeability." *Strano*, 248 B.R. at 504.

Although the Court acknowledges that, generally, the bankruptcy court is the preferred forum for litigating core proceedings and questions of dischargeability, having weighed and considered all of the factors under the specific circumstances of this case, the

Court concludes that abstention is appropriate.  The remaining issue in this case is not related to any matter currently pending in the main bankruptcy case, which has been discharged and closed for almost seven years.  Therefore, granting Mason's request for abstention would have no impact on the efficient administration of the estate and there would be no possibility of inconsistent results if the Court abstains, as no proceedings are presently pending in this Court that would conflict with the results obtained in the State Court.  Mason chose to litigate the question of his right to payment in the State Court over a year ago, and the matter has proceeded in that court due to Debtors' failure to bring the question before this Court more quickly.  Rather than file an answer and counterclaim and allow the discovery process to begin, Debtors could have removed the case to this Court. *See* 28 U.S.C. § 1452.  At this time, removal of the State Court action would be untimely. *See* Fed. R. Bankr. P. 9027(a)(3).

Due to Debtors' decision to remain in State Court, proceeding in this Court would result in prejudice to Mason and a waste of judicial resources, as the preliminary litigation of the Complaint in the State Court would have been unnecessary if Mason is required to begin anew in this Court.  On the other hand, if the Court abstains and the State Court determines that the debt was discharged, the parties could be forced to return to this Court if Debtors seek to hold Mason in contempt of the discharge order.  Although the Court recognizes that litigating in two different forums may be less efficient, there is a possibility

7

that no further litigation will be necessary if the State Court rules in Mason's favor and, even if there is further litigation, Mason appears to prefer this option, Debtors are largely responsible for any resulting inefficiency, and comity for the State Court favors abstention, as the State Court proceeding has been underway for quite some time.   Finally, the fact that there is no other basis for federal jurisdiction other than 28 U.S.C. § 1334 favors abstention.   The Court is confident that the State Court will ably exercise its concurrent jurisdiction to determine whether § 523(a)(3) applies and if so, to which portion of the debts asserted by Mason against Debtors.   And if the State Court determines that § 523(a)(3) does not apply, the State Court will not give Mason a judgment for the discharged amounts, and the Debtors will be free to seek relief in this Court for any alleged violation of the discharge injunction.

For these reasons, the Court will abstain from determining whether the debt at issue was excepted from discharge under § 523(a)(3), and reopening the case to determine whether the discharge order has been violated is premature.   Therefore, the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

**Eddie Arvora Shelton**
6433 Caledon Court
Locust Grove, GA 30248

**Kellie Lynn Shelton**
6433 Caledon Court,
Locust Grove, GA 30248

**Shonterria Martin Stokes**
Broadnax & Martin P.C.
Suite 210
829 Fairways Court
Stockbridge, GA 30281

**Janet G. Watts**
P. O. Box 430
Jonesboro, GA 30237

**Michael C. Mason**
1960 Rose cliff Dr. NE
Atlanta, GA 30329-2756

**Office of the United States Trustee**
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303